UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JOHNSON,

        Petitioner,        Case No. 1:09-cv-53

v.        Honorable Janet T. Neff

KENNETH MCKEE,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.       Factual Allegations

Petitioner presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of assault with intent to commit murder, in violation of MICH. COMP. LAWS § 750.83. On January 17, 2002, Petitioner was sentenced to twelve and one-half years to thirty years in prison.

Petitioner appealed as of right to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction in an unpublished opinion dated January 8, 2004. *See People v. Johnson,* No. 239465, 2004 WL 41733, at *1 (Mich. Ct. App. Jan. 8, 2004). Petitioner then sought leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on June 30, 2004 because it was not persuaded that the questions presented should be reviewed by the court. *See People v. Johnson,* 682 N.W.2d 92 (Mich. 2004).

On May 7, 2005, Petitioner filed a motion for relief from judgment pursuant to MICH. CT. R. 6.500, which Jackson County Circuit Court denied on August 7, 2006. (Mem. in Supp. of Pet. at 2, 5, docket #3.) The trial court also denied Petitioner's motion for reconsideration on December 6, 2006. (*Id.* at 6.) Petitioner then sought leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on December 3, 2007 because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508. (*Id.*) Although Petitioner sought a delayed application for leave to appeal in the Michigan Supreme Court, it was rejected as untimely on February 11, 2008. (Attach. 1 to Pet., Feb. 11, 2008 Letter from Mich. Supreme Court, docket #1.)

Petitioner raises the following four grounds for habeas corpus relief in his petition (verbatim):

    I.    THE PETITIONER'S 28 USCA §2254 FEDERAL HABEAS CORPUS CAN NOT BE HELD TO THE STATE OF MICHIGAN'S PROCEDURAL BAR, WHERE HIS 6TH AMENDMENT CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL SHOW CAUSE FOR NON-COMPLIANCE AND ACTUAL PREJUDICE RESULTING FROM THE CONSTITUTIONAL VIOLATION AND THE STATE COURTS DECISIONS ARE CONTRARY TO AND/OR INVOLVE UNREASONABLE APPLICATIONS TO CLEARLY ESTABLISHED FEDERAL LAW?

    II.    THE STATE COURT COMMIT REVERSIBLE ERROR IN VIOLATION OF THE PETITIONER'S CONSTITUTIONAL RIGHTS, WHEN AFTER THE EVIDENTIARY HEARING CONTRARY TO FACT AND CLEARLY ESTABLISHED LAW, IT FAILED TO REVERSE PURSUANT TO ALL 13 JURORS ACTIVELY PARTICIPATING AND RENDERING A VERDICT IN THE PETITIONER'S CRIMINAL JURY TRIAL ABSENT WAIVER BY THE PETITIONER?

    III.    THE STATE COURTS COMMITTED REVERSIBLE ERROR IN VIOLATION OF THE PETITIONER'S CONSTITUTIONAL RIGHTS, WHERE IT DENIED RELIEF PURSUANT TO THE 6TH AMENDMENT CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHERE TRIAL COUNSEL FAILED TO OBJECT AND AGREED TO WAIVE THE PETITIONER'S CONSTITUTIONAL RIGHT TO A 12 PERSON JURY?

    IV.    THE STATE COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF THE PETITIONER'S CONSTITUTIONAL RIGHTS, WHERE IT FAILED TO GRANT THE PETITIONER RELIEF PURSUANT TO THE 6TH AMENDMENT DENIAL OF EFFECTIVE ASSISTANCE OF APPOINTED APPELLATE COUNSEL, WHERE COUNSEL FAILED TO RAISE THE MANDATORY REVERSIBLE ERROR OF ALL 13 JURORS RENDERING A VERDICT?

(Mem. in Supp. of Pet. at v.)

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on June 30, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 29, 2004. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Without the benefit of tolling, Petitioner had one year from September 29, 2004, or until September 29, 2005, to file his habeas application. Petitioner filed a motion pursuant to MICH. CT. R. 6.500 with the Jackson County Circuit Court on May 7, 2005, at which time he had one hundred and forty-five (145) days remaining in the limitations period. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 332. The Michigan Court of Appeals

denied Petitioner's application for leave to appeal on December 3, 2007.  Petitioner had fifty-six days to seek leave to appeal in the Michigan Supreme Court.  *See* MICH. CT. R. 7.302(C)(3).  While Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, the filing was rejected as untimely.  A motion is not "properly filed" when the state court dismisses it as untimely.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state post-conviction filings).  Moreover, a petitioner may not challenge the state court's determination of timeliness.  *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771.  "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice."  *Id.* at 771; *see also Vroman*, 2003 WL 22170195, at *4.  Thus, the one-year period began to run on January 29, 2008, fifty-six days after the Michigan Court of Appeals denied Petitioner's application for leave to appeal.  *See Bronaugh*, 235 F.3d at 284-85.  The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.  *Lawrence*, 549 U.S. at 332-33.  With the benefit of tolling, the statute of limitations expired 145 days later, on Monday, June 23, 2008.  Petitioner filed his application for habeas corpus relief on or about January 2, 2009, approximately six months after the expiration of the statute of limitations.[2]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner dated his application on January 2, 2009, and it was received by the Court on January 21, 2009.  Thus, it must have been handed to prison officials for mailing at some time between January 2 and 21.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: March 13, 2009                                /s/ Ellen S. Carmody
                                                                 Ellen S. Carmody
                                                                 U.S. Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

- 8 -